UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-21289-CIV-COOKE/GOODMAN

ALFRED POLLACK,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social
Security Administration,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON [ECF No. 20] MOTION FOR WITHDRAWAL OF COMMISSIONER'S MERITS BRIEF & [ECF No. 21] MOTION FOR ENTRY OF JUDGMENT UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) WITH REMAND OF THE CAUSE TO DEFENDANT**

On March 25, 2020, Plaintiff Alfred Pollack filed a Complaint against Defendant Commissioner of Social Security Administration (the "Commissioner") challenging a denial of social-security benefits. Pollack and Defendant Andrew M. Saul, Acting Commissioner of the Social Security Administration, filed cross-motions for summary judgment. [ECF Nos. 17; 18]. The Commissioner's summary judgment motion also served as his opposition response to Pollack's motion. [ECF No. 19].

On March 2, 2021, Defendant filed an Unopposed Motion for Withdrawal of the Commissioner's Merits Brief and Substitution with Motion for Remand [ECF No. 20] and

1

Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant [ECF No. 21] (collectively, the "motions to remand"). According to the Clerk's directive in these types of administrative appeals, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

For the reasons discussed below, the Undersigned **respectfully recommends** that the United States District Court Judge Marcia G. Cook **grant** the Commissioner's motions to remand, allow the withdrawal of the Commissioner's summary judgment motion [ECF No. 18], substitute the summary judgment motion with the Commissioner's motion to remand [ECF No. 21], and **enter a judgment of remand** of the cause to the Commissioner for further action.

I. DISCUSSION

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 U.S. 292 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991) ("Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision.").

The Undersigned finds that remand under sentence four is appropriate here. A remand of the case would permit the Administrative Law Judge to: (1) consider medical

evidence from Dr. Fernando Mendez-Villamil consistent with Social Security Ruling 16-2p; (2) further evaluate the opinion evidence of record; (3) further evaluate Pollack's residual functional capacity with medical expert evidence, if necessary; (4) obtain vocational evidence, if necessary; (5) offer Pollack an opportunity for a new hearing; and (6) issue a new decision.

Additionally, because the Undersigned finds good cause for the District Court to grant the Commissioner's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant [ECF No. 21], the Undersigned finds that the Commissioner's summary judgment motion should be withdrawn and substituted with the motion for remand.

## II.   CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant** the Commissioner's motions to remand [ECF Nos. 20; 21], **withdraw** the Commissioner's summary judgment motion [ECF No. 18], **substitute** the summary judgment motion with the Commissioner's motion to remand [ECF No. 21], and **enter a judgment of remand** of the cause to the Commissioner for further action.

## III.   OBJECTIONS

Under 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have **one (1)** day after being served with a copy of this Report and Recommendations to serve and

file written objections, if any, with the District Court.[1] Each party may file a response to the other party's objection within **one (1)** day of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, March 4, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Marcia G. Cooke
All counsel of record

---

[1] The Undersigned is shortening the time for the objections and responses because the motions are straightforward and unopposed.