UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-21289-CIV-COOKE/GOODMAN

ALFRED POLLACK,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Commissioner of Social Security[1],

    Defendant.
_____/

### REPORT AND RECOMMENDATIONS ON PLANTIFF'S UNCONTESTED PETITION FOR REASONABLE ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff filed an Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b). [ECF No. 24]. Defendant did not file a response in opposition to the motion and the time to do so has since passed. United States District Court Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 2].

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (a), the Court has discretion to require the defendant to pay the attorney's fees when the plaintiff is the

---

[1]     Plaintiff's initial suit was brought against Andrew Saul, the Acting Commissioner at the time of filing. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi should be substituted for Andrew Saul as the suit's Defendant.

prevailing party. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion and award Plaintiff **$5,137.07** in attorney's fees, contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

I.    **BACKGROUND**

Plaintiff initiated this action for judicial review of a final decision of the Commissioner of Social Security on March 25, 2020. [ECF No. 1]. Plaintiff and Defendant filed cross-motions for summary judgment. [ECF Nos. 17; 18]. On March 2, 2021, Defendant filed an unopposed motion to withdraw the Commissioner's summary judgment motion [ECF No. 20] and an unopposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g), requesting that the Court enter a judgment with remand to the Commissioner [ECF No. 21].

The Undersigned issued a Report and Recommendations recommending that the District Court grant the withdrawal of the merits brief and enter a judgment with remand of the case pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 22]. Judge Cooke entered an Order adopting the Report and Recommendations and the case was remanded. [ECF No. 23]. Plaintiff then filed the instant unopposed petition for attorney's fees under the EAJA. [ECF No. 24].

## II.     DISCUSSION

### A. <u>Entitlement to Attorney's Fees</u>

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs." 42 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *see also Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for purposes of filing a fee award under the EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, the Undersigned finds that Plaintiff is entitled to receive attorney's fees under the EAJA.

B. **Amount of Attorney's Fees**

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation").

Here, Plaintiff seeks an hourly rate of $207.28 for work performed in 2020 and $212.05 for work performed in 2021. Plaintiff seeks $75 per hour for paralegal work performed in 2020 and 2021. Courts have approved an EAJA hourly rate of $207.28 for work performed in 2020 and an EAJA hourly rate of $212.05 for work performed in 2021. *See Bragg v. Commissioner*, No. 8:20-CV-671-SPF, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021) (approving EAJA hourly rate at $207.28 for work performed in 2020 and hourly rate

4

at $212.05 for work performed in 2021).[2] Thus, the Undersigned finds the hourly rate reasonable.

Plaintiff asserts that his attorneys expended 23.6 hours on his case, plus an additional 2.1 additional hours of paralegal time. [ECF Nos. 24, pp. 4-6; 24-1]. The Undersigned has reviewed the hours submitted in Plaintiff's petition and finds the time expended by Plaintiff's attorneys and paralegal to be reasonable.

### III. CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$5,137.07** in attorney's fees, contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

### IV. OBJECTIONS

The parties will have two (2) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two

---

[2] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") for 2020 and 2021 (when the work was performed) and dividing that number by the March 1996 rate. *See Ingels v. Comm'r of Soc. Sec.*, No. 6:16-cv-1581-Orl-37KRS, 2018 WL 1832214, at *1, n.3 (M.D. Fla. Apr. 9, 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls.

(2) days of the objection.[3] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, November 1, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record

---

[3] The Undersigned is shortening the objections period because Defendant did not file a response in opposition to Plaintiff's motion, thereby indicating no opposition to the motion.